**Fill in this information to identify the case:**

United States Bankruptcy Court for the:
__Southern__ District of __New York__
(State)

Case number (*If known*): _____ Chapter 15

☐ Check if this is an amended filing

Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding    12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).

| | | |
|---|---|---|
| 1. | Debtor's name | Ballantyne Re plc |
| 2. | Debtor's unique identifier | **For non-individual debtors:**<br>☐ Federal Employer Identification Number (EIN) __ __ – __ __ __ __ __ __ __<br>☒ Other __410509_____. Describe identifier __Companies Registration Office Number__.<br><br>**For individual debtors:**<br>☐ Social Security number: xxx – xx– __ __ __ __<br>☐ Individual Taxpayer Identification number (ITIN): 9 xx – xx – __ __ __ __<br>☐ Other_____. Describe identifier_____. |
| 3. | Name of foreign representative(s) | Adrian Masterson |
| 4. | Foreign proceeding in which appointment of the foreign representative(s) occurred | Proceeding under the *Companies Act 2014*, an Irish statute, pending before the High Court of Ireland. |
| 5. | Nature of the foreign proceeding | *Check one*:<br>☒ Foreign main proceeding<br>☐ Foreign nonmain proceeding<br>☐ Foreign main proceeding, or in the alternative foreign nonmain proceeding |
| 6. | Evidence of the foreign proceeding | ☒ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.<br>☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.<br>☐ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached. |
| 7. | Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)? | ☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)<br>☒ Yes |

Debtor    Ballantyne Re plc_____    Case number *(if known)*_____
          Name

| 8. | **Others entitled to notice** | Attach a list containing the names and addresses of: |
|---|---|---|
| | | (i)  all persons or bodies authorized to administer foreign proceedings of the debtor, |
| | | (ii) all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and |
| | | (iii) all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code. |

| 9. | **Addresses** | **Country where the debtor has the center of its main interests:** | **Debtor's registered office:** |
|---|---|---|---|
| | | Ireland | Fourth Floor |
| | | | Number        Street |
| | | | 3, George's Dock, I.F.S.C. |
| | | | P.O. Box |
| | | | Dublin 1        D02        D01X5X0 |
| | | | City    State/Province/Region    ZIP/Postal Code |
| | | | Ireland |
| | | | Country |
| | | **Individual debtor's habitual residence:** | **Address of foreign representative(s):** |
| | | n/a | 57 Herbert Lane |
| | | Number    Street | Number    Street |
| | | P.O. Box | P.O. Box |
| | | | Dublin 2 |
| | | City    State/Province/Region    ZIP/Postal Code | City    State/Province/Region    ZIP/Postal Code |
| | | | Ireland |
| | | Country | Country |

| 10. | **Debtor's website (URL)** | N/A |
|---|---|---|

| 11. | **Type of debtor** | *Check one*: |
|---|---|---|
| | | ☒ Non-individual (check one): |
| | |    ☒ Corporation. Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1. |
| | |    ☐ Partnership |
| | |    ☐ Other. Specify: _____ |
| | | ☐ Individual |

| | | |
|---|---|---|
| 12. | **Why is venue proper in this district?** | Check one:<br><br>☒ Debtor's principal place of business or principal assets in the United States are in this district.<br><br>☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:<br><br>☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because: |
| 13. | **Signature of foreign representative(s)** | I request relief in accordance with chapter 15 of title 11, United States Code.<br><br>I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.<br><br>I have examined the information in this petition and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>x _/s/ A. Masterson_                        Adrian Masterson<br>Signature of foreign representative         Printed name<br><br>Executed on 03/05/2019<br>         MM / DD / YYYY |
| 14. | **Signature of attorney** | x _/s/ Timothy Graulich_         Date 05/07/2019<br>Signature of Attorney for foreign representative      MM / DD / YYYY<br><br>Timothy Graulich<br>Printed name<br><br>Davis Polk & Wardwell LLP<br>Firm name<br><br>450 Lexington Avenue<br>Number   Street<br><br>New York                                         NY           10017<br>City                                             State        ZIP Code<br><br>(212) 450 4639<br>Contact phone                                    Email address<br><br>2661445                                          NY<br>Bar number                                       State |

Official Form 401          Chapter 15 Petition for Recognition of a Foreign Proceeding                Page 3

**Exhibit 1**

**Certified Copy of Convening Order of High Court of Ireland
Commencing Foreign Main Proceeding and Authorizing Foreign Representative**

THE HIGH COURT

COMMERCIAL

2019 No. 145 COS

(2019 No. 61 COM)

MONDAY THE 29TH DAY OF APRIL 2019

BEFORE MR JUSTICE BARNIVILLE

IN THE MATTER OF

BALLANTYNE RE PLC

AND IN THE MATTER OF

THE COMPANIES ACT 2014

AND IN THE MATTER OF

A PROPOSAL FOR A SCHEME OF ARRANGEMENT

PURSUANT TO PART 9, CHAPTER 1 OF THE COMPANIES ACT 2014

Upon Motion of Counsel for Ballantyne Re Plc (the "**Applicant**" or the "**Company**"), pursuant to an Originating Notice of Motion dated the 24th day of April 2019 coming on for hearing on the 29th day of April 2019

And upon reading said Originating Notice of Motion and the document appended thereto, the Grounding Affidavit of Adrian Masterson sworn on the 24th day of April 2019 (the "**Grounding Affidavit**"), the exhibit to said Affidavit, the Notice of Motion for Entry to the Commercial List dated the 24th day of April 2019, the Affidavit of Adrian Masterson sworn on the 24th day of April 2019 grounding the Motion for Entry, the Certificate of Ruairi Rynn of William Fry Solicitors dated the 24th day of April 2019 and the Affidavit of Ruairi Rynn sworn on the 29th day of April 2019

And upon hearing said Counsel

**IT IS ORDERED:**

THE HIGH COURT

1. That the within proceedings (together with any application as may be presented hereafter seeking approval of the proposed scheme of arrangement) be entered into the Commercial Court List pursuant to Order 63A Rule 4(2) of the Rules of the Superior Courts 1986, as amended;

2. Pursuant to Section 450(3) of the Companies Act 2014 (as amended) (the "**Act**") that this Honourable Court hereby directs the summoning of the following meetings:

    2.1   a meeting of the Ambac Guaranteed Scheme Creditors; and

    2.2   a meeting of the Assured Guaranty/A-1 Scheme Creditors,

    such meetings being referred to herein as the First Scheme Meeting and Second Scheme Meeting respectively (and together the "**Scheme Meetings**");

3. That the Scheme Meetings required to approve the Scheme shall comprise:

    3.1   the First Scheme Meeting being a meeting of the Ambac Guaranteed Scheme Creditors comprising:

    (a)   the Ambac Guaranteed Noteholders being:

    (i)   each person who is the beneficial owner of and/or the owner of the ultimate economic interest in any of the Class A-2a Notes and whose interests in the Class A-2a Notes are held through and shown on the records maintained in book-entry form by The Depository Trust Company ("**DTC**") (the "**Ambac Guaranteed Class A-2a Noteholders**");

    (ii)  each person who is the beneficial owner of and/or the owner of the ultimate economic interest in any of the Class A-3 Notes and whose interests in the Class A-3 Notes are held through and shown on the records maintained in book-entry form by DTC (the "**Ambac Guaranteed Class A-3 Noteholders**").

    (b)   The Bank of New York Mellon as holder of the Global Notes and in its capacity as custodian of the Book-Entry Depository in respect of the Ambac Guaranteed Notes; and

    (c)   The Bank of New York Mellon in its capacity as the beneficiary of the covenant to repay principal and pay interest on the Ambac Guaranteed Notes.

    3.2   The Second Scheme Meeting being a meeting of the Assured Guaranty/A-1 Scheme Creditors comprising:

    (a)   the Assured Guaranty/A-1 Noteholders being

       (i)    each person who is the beneficial owner of and/or the owner of the ultimate economic interest in any of the Class A-1 Notes and whose interests in the Class A-1 Notes are held through and shown on the records maintained in book-entry form by DTC (excluding the holder of an RTA Class A-1 Note from time to time) (the **"Class A-1 Noteholders"**);

       (ii)    each person who is the beneficial owner of and/or the owner of the ultimate economic interest in any of the Class A-2b Notes and whose interests in the Class A-2b Notes are held through and shown on the records maintained in book-entry form by DTC (the **"Assured Guaranty Guaranteed Noteholders"**).

(b)    The Bank of New York Mellon as holder of the Global Notes and in its capacity as custodian of the Book-Entry Depository in respect of the Assured Guaranted Notes and the Class A-1 Notes (excluding the RTA Class A-1 Notes); and

(c)    The Bank of New York Mellon in its capacity as the beneficiary of the covenant to repay principal and pay interest on the Assured Guaranteed Notes and the Class A-1 Notes (excluding the RTA Class A-1 Notes).

4.    The following directions shall apply in relation to the notification and holding of the Scheme Meetings:

4.1    that the First Scheme Meeting be convened for 11:00 am (Irish Standard Time) on 22 May 2019 at the offices of William Fry, 2 Grand Canal Square, Dublin 2.

4.2    that the Second Scheme Meeting be convened for 11:15 am (Irish Standard Time) (or, if later, as soon thereafter as the First Scheme Meeting has concluded) on 22 May 2019 at the offices of William Fry, 2 Grand Canal Square, Dublin 2.

4.3    that notice of the Scheme Meetings be sent to the Scheme Creditors by or on behalf of the Company through DTC by means of the Notice of Scheme Meetings as contained in the form of the substantially finalised Scheme Circular to be issued on behalf of the Company. Such Scheme Creditors shall be determined by reference to the records maintained in book-entry form by DTC at 5:00 pm (Eastern Time) on the business day prior to the day on which the Notice of Scheme Meetings is sent to DTC by or on behalf of the Company.

4.4    that the Scheme Circular shall also be made available to the Scheme Creditors on the Scheme Website www.lucid-is.com/balre.

4.5 that the summoning of the Scheme Meetings be advertised in Iris Oifigiúil, The Irish Times, the Irish Independent and in the Financial Times (U.S. and UK Editions) by no later than 3 May 2019 in the form set out in Appendix 1 hereto.

4.6 that Adrian Masterson or in his absence Bill Cunningham or in his absence such other person as the board of directors of the Company may determine be Chairperson of the Scheme Meetings and that such Chairperson do report the result of the Scheme Meetings to the Court.

4.7 that entitlement to attend and vote at the Scheme Meetings or any adjournment thereof (including the entitlement to appoint (and procedures for appointing) a proxy or proxies for such Scheme Meetings) and the value of the Scheme Notes which may be cast thereat be determined by reference to the procedures and protocol set out in Appendix 2 of the Scheme Circular (entitled **"Instructions and Guidance for Scheme Noteholders"**) which provide that or to the effect that:

(a) only the Scheme Noteholders who are Scheme Noteholders as at the "Voting Record Date", being 5:00 pm (Eastern Time) on 16 May 2019, are entitled to attend and vote, either in person, by a duly authorised representative, if a corporation, or by proxy at the relevant Scheme Meetings;

(b) in determining whether a particular person is entitled to vote the Scheme Company and the Information Agent may rely upon such evidence and/or information and/or certification as it shall, in its absolute discretion, think fit and in the absence of manifest error shall be binding and conclusive on all concerned;

(c) the Scheme Noteholders are invited to vote at the relevant Scheme Meetings by directing the Account Holder, as defined in the Scheme, to complete and deliver to the Information Agent, by 5:00 pm (Irish Standard Time) on 20 May 2019 (the **"Voting Instruction Deadline"**) an Account Holder Letter, as defined in the Scheme, in the form set out in Appendix 4 of the Scheme Circular. Completed Account Holder Letters should be delivered to the Information Agent:

(A) via the designated portal on the Scheme Website, www.lucid-is.com/balre; or

(B) by email to the Information Agent ballantyne@lucid-is.com;

(d) for the purpose of voting at the Scheme Meetings, the value of the Scheme Claims of each Scheme Noteholder which submits a valid Account Holder Letter (or otherwise votes at either Scheme Meeting) in respect of

the Scheme Notes will be calculated based on the outstanding principal amount on the Scheme Notes as at the Voting Record Date based on information confidentially provided to the Company by the Information Agent. This information will be used by the Chairperson to determine whether each resolution is passed at each of the Scheme Meetings.

(e) the assessment of Scheme Claims for voting purposes shall be carried out by the Chairperson with the support of the Information Agent. The Chairperson may, for voting purposes only, reject a Scheme Claim in whole or in part if he/she considers that it does not constitute a fair and reasonable assessment of the relevant sums owed to the relevant Scheme Noteholder by the Company or if the relevant Scheme Noteholder has not complied with the voting procedures described in the Scheme Circular. If a Scheme Claim is unascertained, contingent or disputed (in part) but the Chairperson is able to place a minimum value on that Scheme Claim, he/she may admit the Scheme Claim for voting purposes at that value. If a Scheme Claim is disputed in its entirety, or the Chairperson is otherwise unable to place a minimum value on it, that Scheme Claim may be valued at US$1 for voting purposes. The admission and valuation of any Scheme Claim for voting purposes shall not (in itself) constitute an admission of the existence or value of the Scheme Claim and will not bind the Company or the Scheme Noteholder concerned.

(f) if a Scheme Noteholder intends to attend a Scheme Meeting the Scheme Noteholder shall produce a duplicate copy of the Account Holder Letter delivered on its behalf, evidence of corporate authority (in the case of a corporation) (for example, a valid power of attorney and/or board authority) and evidence of his/her personal identity (for example, a passport or other picture identification) at the registration desk no later than one hour before the scheduled time of the applicable Scheme Meeting;

(g) if a proxy intends to attend a Scheme Meeting on behalf of a Scheme Noteholder, the person attending as proxy shall produce a duplicate copy of the Account Holder Letter in which he/she is named as a proxy and evidence of his/her personal identity (for example, a passport or other picture identification) at the registration desk no later than one hour before the scheduled time of the applicable Scheme Meeting;

(h) a Scheme Noteholder on whose behalf a duly completed Account Holder Letter is lodged prior to either Scheme Meeting may attend and vote for or against the Scheme at

the relevant Scheme Meeting or any adjournment thereof; and

(i) failure to deliver a valid Account Holder Letter on behalf of a Scheme Noteholder by the Voting Instruction Deadline will mean that the voting instructions contained in that Account Holder Letter shall be disregarded for the purposes of voting at the relevant Scheme Meeting. In addition, the Scheme Noteholder on whose behalf an Account Holder Letter has not been delivered by the Voting Instruction Deadline shall not be entitled to attend and/or vote at that particular Scheme Meeting unless the Chairperson of that Scheme Meeting, at his sole discretion, permits the Scheme Noteholder to attend and/or vote at a Scheme Meeting on the basis that the Chairperson is satisfied that that the relevant Scheme Noteholder has produced sufficient proof to the Chairperson to satisfy the Chairperson that it is a Scheme Noteholder before the commencement of the applicable Scheme Meeting.

4.8 that the quorum for the Scheme Meetings shall be three or more Scheme Creditors present either in person, including by a duly authorised representative, if a corporation, or by proxy at the commencement of each of the Scheme Meeting.

4.9 that any poll with respect to the question of whether to approve the Scheme establish both the number of Scheme Noteholders voting for and against the Scheme and the value of the Scheme Claims voted for and against the Scheme at the Scheme Meetings.

4.10 that a poll shall be taken at each of the Scheme Meetings and that the poll shall be taken in such manner as the Chairperson of each such Meeting shall direct and he may appoint scrutineers.

4.11 that the Chairperson of the Scheme Meetings be granted absolute discretion to adjourn the Scheme Meetings, or either of them.

4.12 that except where and insofar as the nature or subject matter or the context may otherwise require, the conduct of the Scheme Meetings will be regulated by the Company's Articles of Association as they apply to general meetings, as if references to members were references to Scheme Noteholders, and such provisions of the Articles of Association shall be applied *mutatis mutandis* to the Scheme Meetings save as varied by any directions granted.

5. That if the Scheme is approved by the requisite majority at the Scheme Meetings, the Originating Notice of Motion to be issued by the Company seeking this Honourable Court's approval of the Scheme be made returnable in the Commercial List, without the need for a further application for admission, and be listed for mention and any necessary directions at 2:00 pm (Irish Standard Time) on 23 May 2019 and for hearing at 11:00 am

(Irish Standard Time) on 5 June 2019 or on such other day as to this Honourable Court may appear appropriate.

6. That any person intending to appear at the hearing of the Originating Notice of Motion to be issued by the Company seeking this Honourable Court's approval of the Scheme should inform the Company's Solicitors, William Fry, by 5:00 pm (Irish Standard Time) on 29 May 2019 and if any such person wishes to rely on any Affidavit evidence such Affidavit must be filed and served upon the Company's Solicitors by the said date and time.

**Chapter 15 Proceeding**

7. That the appointment of Adrian Masterson who was appointed by the Board of the Company on 24 April 2019 be confirmed to serve as foreign representative in any proceedings under Chapter 15 of the United States Bankruptcy Code with respect to the Scheme, or if for any reason he is unable to act, Bill Cunningham or such other appropriate person selected by the Board of the Company, be authorised to act as foreign representative in any proceedings under Chapter 15 of the United States Bankruptcy Code in relation to the Scheme.

8. That the Company shall have liberty to apply.

NIAMH DERMODY
REGISTRAR
Date of Perfection: 01 MAY 2019

William Fry,
Solicitors for the Company

A COPY WHICH I ATTEST

Rachel May
FOR REGISTRAR

THE HIGH COURT

Appendix
Legal Notice

2019 No. 145 COS
(2019 No. [ • ] COM)

## THE HIGH COURT
## COMMERCIAL

IN THE MATTER OF

### BALLANTYNE RE PLC

AND IN THE MATTER OF

### THE COMPANIES ACT 2014

AND IN THE MATTER OF

### A PROPOSAL FOR A SCHEME OF ARRANGEMENT PURSUANT TO PART 9, CHAPTER 1 OF THE COMPANIES ACT 2014

**NOTICE IS HEREBY GIVEN** that, by an Order dated 29 April 2019, made in the above proceedings, the High Court of Ireland (the "**High Court**") has directed that meetings (the "**Scheme Meetings**") be convened of the Scheme Creditors (as defined in the Scheme Circular (defined below)) of Ballantyne Re plc (the "**Company**") for the purposes of considering, and voting on, the following resolution at each of the Scheme Meetings:

> "*THAT the scheme of arrangement under Part 9, Chapter 1 of the Companies Act 2014 between the Company and its Scheme Creditors (in its original form or with or subject to any modification(s), addition(s) or condition(s) approved by the High Court) as set out in the Scheme Circular dated 30 April 2019 and published by the Company, a copy of which has been submitted to the Scheme Meeting and signed by the chairperson of the Scheme Meeting for the purpose of identification, be approved.*"

The High Court has directed that in relation to the notification and holding of the Scheme Meetings that the Scheme Meetings shall be held at the offices of William Fry, 2 Grand Canal Square, Dublin 2 and shall take place as follows:

| | |
|---|---|
| **The Scheme Meeting for Ambac Guaranteed Scheme Creditors (the "First Scheme Meeting")** | 11:00 am (Irish Standard Time) on 22 May 2019 |
| **The Scheme Meeting for Assured Guaranty/A-1 Scheme Creditors (the "Second Scheme Meeting")** | 11:15 am (Irish Standard Time) (or, if later, as soon thereafter as the First Scheme Meeting has concluded) on 22 May 2019 |

THE HIGH COURT

**Please note that only the Ambac Guaranteed Scheme Creditors should attend the First Scheme Meeting and that the Assured Guaranty/A-1 Scheme Creditors should attend the Second Scheme Meeting.**

The Scheme Creditors are advised that the Scheme and the Scheme Circular will be available to download from www.lucid-is.com/balre on or around 30 April 2019 and will be available for inspection at the offices of William Fry, 2 Grand Canal Square, Dublin 2, Ireland during normal business hours on any weekday (Saturdays, Sundays and public holidays excepted). If a hard copy is required, please send your request to the Information Agent, Lucid Issuer Services (marked for the attention of David Shilson).

Any enquires by Scheme Creditors should be addressed to the Information Agent at ballantyne@lucid-is.com (marked for the attention of David Shilson).

The date for that hearing of the Company's application to the Irish High Court to sanction the Scheme has been provisionally fixed for 5 June 2019 (the "**Sanction Hearing**") with an initial directions hearing fixed for 2:00pm on 23 May 2019.

Any person intending to appear at the Sanction Hearing should inform the Company's Solicitors, William Fry (quoting reference 018586.0005.RJR/PM) by 5:00 pm (Irish Standard Time) on 29 May 2019 and if any such person wishes to rely on any Affidavit evidence such Affidavit must be filed and served upon the Company's Solicitors by the said date and time.

Dated 1 May 2019

WILLIAM FRY
Solicitors for the Company
2 Grand Canal Square
Dublin 2
Ireland