**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                                                              :       Chapter 15
                                                                                        :
**BALLANTYNE RE PLC,**                                          :       Case No. 19-11490 (JLG)
                                                                                        :
    Debtor in a foreign proceeding.                 :
                                                                                        :
-------------------------------------------------------------x

**ORDER PURSUANT TO FED. R.**
**BANKR. P. 2002 AND 9007 SCHEDULING RECOGNITION**
**HEARING AND SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE**

Upon the motion (the "**Motion**")[1] of Adrian Masterson, in his capacity as the duly appointed foreign representative (the "**Foreign Representative**") of the Irish Proceeding of the above-captioned debtor (the "**Debtor**" or "**Ballantyne**"), pursuant to Bankruptcy Rules 2002 and 9007 for entry of an order (i) setting the time and date for the hearing on the relief sought in the Recognition Motion (the "**Recognition Hearing**"), (ii) setting the deadline by which any responses to the Recognition Motion must be received (the "**Objection Deadline**"), (iii) approving the form of notice of the Recognition Hearing and Objection Deadline attached hereto as Annex 1 (the "**Hearing Notice**"), and (iv) approving the manner of service of the Hearing Notice described herein, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. § 1410; and notice of the Motion having been given as provided in the Motion, and such notice having been

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and upon the record of all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. The Recognition Hearing shall be held before this Court on **June 11**, **2019 at 2:00 pm** (**Prevailing Eastern Time**) or as soon thereafter as counsel may be heard, before the Honorable James L. Garrity Jr., in Room 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004-1408.

3. Any objection to the Recognition Motion must be made in accordance with the Bankruptcy Code, the Local Rules of the United States Bankruptcy Court for the Southern District of New York, and the Federal Rules of Bankruptcy Procedure, in a writing that sets forth the basis for such objection with specificity and the nature and extent of the respondent's claims against the Debtor. Any such objection must be filed electronically with the Court on the Court's electronic case filing system in accordance with and except as provided in General Order M-399 (a copy of which may be viewed on this Court's website at www.nysb.uscourts.gov) and the Court's Procedures for the Filing, Signing and Verification of Documents by Electronic Means and served upon the Foreign Representative's counsel, Davis Polk & Wardwell LLP, 450 Lexington Ave, New York, New York, 10017 (Attn: Timothy Graulich, Esq., Angela M. Libby, Esq. and Dylan A. Consla, Esq.), with two courtesy copies served upon the Chambers of the

Honorable James L. Garrity Jr., United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004-1408, so as to be <u>received</u> by **4:00 p.m. (Prevailing Eastern Time) on May 29, 2019**,.

4. If no response or objection is timely filed and served as provided above, this Court may grant the relief requested by the Foreign Representative without further notice or hearing.

5. The Recognition Hearing may be adjourned from time to time without further notice other than a motion on the docket in this Chapter 15 Case or an announcement in open court of the adjourned date or dates of any further adjourned hearing.

6. The Recognition Hearing shall be a final and evidentiary hearing at which witnesses may testify.

7. The form of Hearing Notice, substantially in the form attached to the Motion as <u>Annex 1</u>, is hereby approved. The Foreign Representative may fill in any missing dates and other information as ordered by this Court, correct any typographical errors, conform the provisions thereof to the provisions of this Order, and make such other and further non-material, non-substantive changes to the form of Hearing Notice as the Foreign Representative deems necessary or appropriate.

8. Copies of the Notice Documents, including all exhibits thereto, shall be served by electronic mail to the extent email addresses are available and otherwise by United States mail, overnight or first-class postage prepaid, upon the Notice Parties listed in <u>Exhibit B</u> attached to the Motion within three business days following entry of this order (provided that, such exhibits may be served on compact disc or similarly widely accessible digital media storage format at the election of the Foreign Representative).

9. The Information Agent shall serve the Hearing Notice upon DTC and shall cause the Notice Documents to be published on the Scheme Website.

10. If any party files a notice of appearance in this Chapter 15 Case, the Foreign Representative shall serve a copy of the Notice Documents on such party or its counsel within three business days following the filing of such notice of appearance if such documents have not already been served on such party (or its counsel).

11. The Foreign Representative shall cause the Hearing Notice to be published within three business days of entry of this Order in *The Wall Street Journal*.

12. The notice requirements in section 1514(c) of the Bankruptcy Code are inapplicable in the context of this case and are hereby waived.

13. Service pursuant to this Order shall constitute good and sufficient service and adequate notice of the Recognition Hearing under Bankruptcy Rule 2002(q).

14. Bankruptcy Rule 1010 shall not apply to the Debtor's verified petition seeking recognition of a foreign main proceeding and, therefore, the summons requirements in Bankruptcy Rule 1011(b) are inapplicable to the verified chapter 15 petitions and the Recognition Motion and any requirements under the Bankruptcy Code, the Bankruptcy Rules, or otherwise for notice thereof.

15. The Foreign Representative is authorized to take all action necessary to carry out this Order.

16. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

17. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: May 14, 2019
      New York, New York

/s/ *James L. Garrity, Jr.*
THE HONORABLE JAMES L. GARRITY JR.
UNITED STATES BANKRUPTCY JUDGE