UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
In re                                                        :     Chapter 15
                                                             :
BALLANTYNE RE PLC,                                           :     Case No. 19-11490 (JLG)
                                                             :
     Debtor in a foreign proceeding.                        :
                                                             :
------------------------------------------------------------- x

### ORDER GRANTING (I) RECOGNITION OF FOREIGN MAIN PROCEEDING, (II) RECOGNITION OF FOREIGN REPRESENTATIVE, (III) RECOGNITION OF SANCTION ORDER AND RELATED SCHEME, AND (IV) RELATED RELIEF UNDER CHAPTER 15 OF THE BANKRUPTCY CODE

Upon the *Motion for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative, (III) Recognition of Sanction Order and Related Scheme, and (IV) Related Relief under Chapter 15 of the Bankruptcy Code* [ECF No. 3] (the "**Motion**" and, together with the Chapter 15 Petition [ECF No. 1], the "**Petition**")[1] of Adrian Masterson, in his capacity as the duly appointed foreign representative (the "**Foreign Representative**") of the Irish Proceeding of the above-captioned debtor (the "**Debtor**" or "**Ballantyne**"), a public limited company incorporated under the laws of Ireland, concerning a scheme of arrangement (the "**Scheme**") commenced under Part 9 the Companies Act 2014 ~~(as amended, the "**Companies Act**")~~[JLG], pursuant to sections 105(a), 1504, 1507, 1510, 1515, 1517, 1520, and 1521 of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an order (this "**Order**"), among other things: (i) recognizing the Irish Proceeding as a "foreign main proceeding" pursuant to chapter 15 of the Bankruptcy Code; (ii) recognizing the Foreign Representative as the duly appointed "foreign representative," as defined in section 101(24) of the Bankruptcy Code in respect of the Irish

---

[1] Capitalized terms used but not otherwise defined herein have the meaning ascribed to such terms in the Motion.

Proceeding; (iii) recognizing, granting comity to, and giving full force and effect in the United States to the Irish Proceeding, the Scheme, and the Irish Orders; (iv) enjoining parties from taking any action inconsistent with the Scheme in the United States, including giving effect to the Releases; (v) authorizing and directing The Depository Trust Company ("**DTC**") and the Bank of New York Mellon (the "**Trustee**"), in its capacities as Trustee under the Indenture and Trustee under the A&R Reinsurance Trust Agreement, and any successor trustee to take any and all actions necessary to give effect to the terms of the proposed restructuring of Ballantyne (the "**Restructuring**"); and (vi) granting such other relief as this Court deems just and proper, all as more fully set forth in the Petition; and upon this Court's review and consideration of the Petition, the Masterson Declaration and the Rynn Declaration, each filed contemporaneously herewith **the Supplemental Declaration of Ruairi Rynn in Support of the Petition [ Ecf No. 21], and the Second Supplemental Declaration of Ruairi Rynn in Further Support of the Petition (Ecf No. 24]; [JLG]**, and the evidence admitted at the hearing (~~"Hearing"~~) **held on June 11, 2019** to consider the Petition **(the "Hearing), the record of which is incorporated by reference herein [JLG]**; and due and proper notice of the Petition having been provided; and no other or further notice being necessary or required; and no objections or other responses having been filed that have not been overruled, withdrawn, or otherwise resolved; and all interested parties having had an opportunity to be heard at the Hearing; and after due deliberation and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS AND CONCLUDES THAT:**

A.    The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), made applicable to this proceeding pursuant to

2

Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334, section 1501 of the Bankruptcy Code and the *Amended Standing Order of Reference* dated January 31, 2012, Reference M-431, *In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y. Feb. 2, 2012) (Preska, C.J.).

C. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P) and this Court may enter a final order consistent with Article III of the United States Constitution.

D. Venue is proper in this District pursuant to 28 U.S.C. § 1410.

E. The Debtor has tangible and intangible property and property rights within this district and, therefore, the Debtor is eligible to be a debtor in a chapter 15 case pursuant to sections 109 and 1501 of the Bankruptcy Code.

F. This case was properly commenced pursuant to sections 1504, 1509 and 1515 of the Bankruptcy Code.

G. The Petition meets the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rules 1007(a)(4) and 2002.

H. The Irish Proceeding is a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code.

I. The Irish Proceeding is located in Ireland, which is the country where the Debtor's center of main interests is located and, as such, the Irish Proceeding is entitled to recognition as "foreign main proceeding" pursuant to sections 1502(4) and 1517(b)(1) of the Bankruptcy Code.

J. The Irish Proceeding is entitled to recognition by this Court pursuant to sections 1515 and 1517(a) of the Bankruptcy Code.

K. The Foreign Representative is the duly appointed representative of the Irish Proceeding within the meaning of section 101(24) of the Bankruptcy Code.

L. The Debtor and the Foreign Representative are entitled to all of the relief set forth in section 1520 of the Bankruptcy Code, without limitation.

M. The Debtor and the Foreign Representative are entitled to all of the relief set forth herein under sections 1507 and 1521(a) of the Bankruptcy Code.

N. The relief granted hereby pursuant to sections 1507, 1515, 1517, 1520 and 1521 of the Bankruptcy Code is necessary and appropriate to effectuate the purposes of chapter 15, to protect the Debtor and the interests of its creditors and other parties in interest, and is consistent with the laws of the United States, international comity, public policy, and the policies of the Bankruptcy Code.

O. Absent the relief granted hereby, the Released Parties (as defined in the Scheme) may be subject to the prosecution of judicial, quasi-judicial, arbitration, administrative or regulatory actions or proceedings in connection with the claims against them or their property that are subject to the Releases, thereby interfering with and causing harm to, the Debtor, its creditors, and other parties in interest in the Irish Proceeding and, as a result, the Debtor, its creditors and such other parties in interest would suffer irreparable injury for which there is no adequate remedy at law.

P. Each of the injunctions contained in this Order (i) is within this Court's jurisdiction, (ii) is essential to the success of the Irish Proceeding and the Scheme, (iii) is an integral element of Irish Proceeding and the Scheme or to its effectuation, (iv) confers material benefits

on, and is in the best interests of, the Debtor, its creditors, and its parties in interest, including, without limitation, the Scheme Creditors, the Trustee, Security Life of Denver, and the New Reinsurer, and (v) is important to the overall objectives of the Scheme.

Q.      Appropriate notice of the filing of, and the hearing on, the Petition was given, which notice was deemed adequate for all purposes, and no further notice need be given.

**NOW THEREFORE**, **IT IS HEREBY ORDERED THAT:**

1.      The Petition and requested relief therein is granted, **to the extent set forth herein. [JLG]**

2.      The Irish Proceeding is granted recognition as a foreign proceeding as defined in section 101(23) of the Bankruptcy Code and pursuant to section 1517 of the Bankruptcy Code.

3.      The Irish Proceeding is a collective, court-supervised proceeding governed in accordance with applicable Irish law, as it may be amended from time to time, and is granted recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code and is entitled to the protections of section 1520(a) of the Bankruptcy Code.

4.      The Foreign Representative is the duly appointed and authorized representative of the Irish Proceeding within the meaning of section 101(24) of the Bankruptcy Code, is authorized to act on behalf of the Debtor in this Chapter 15 Case and is established as the exclusive representative of the Debtor in the United States.

5.      The Irish Proceeding, the Scheme, the Restructuring Agreement and the Irish Orders, including the Releases contained therein, are recognized, granted comity, and entitled to full force and effect in the United States.

6. All objections, if any, to the Motion or the relief requested therein that have not been withdrawn, waived, or settled as announced to the Court at the Hearing, or by stipulation filed with the Court, and all reservations of rights included therein, are hereby overruled on the merits.

7. All persons and entities are permanently enjoined and restrained from taking any actions in the United States inconsistent with the Scheme or the Irish Orders, or interfering with the enforcement and implementation of the Scheme or the Irish Orders, including, without limitation, commencing, continuing or enforcing any action or legal proceeding based on causes of actions released by the Releases.

**8.** The administration, realization and distribution of all or part of the assets of the Debtor within the territorial jurisdiction of the United States is entrusted to the Foreign Representative and the Foreign Representative is established as the exclusive representative of the Debtor in the United States pursuant to sections 1521(a) and 1521(b) of the Bankruptcy Code.

9. The Foreign Representative, the Debtor and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules or orders of this Court.

10. No action taken by the Foreign Representative, the Debtor, or their respective successors, agents, representatives, advisors, or counsel in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of or in connection with the Irish Proceeding, this Order, this Chapter 15 Case, or any adversary proceeding herein, or any further proceeding commenced hereunder, shall be deemed to constitute a waiver of the rights or benefits afforded such persons under 306 and 1510 of the Bankruptcy Code.

11. This Order shall be served by electronic mail to the extent email addresses are available and otherwise by U.S. mail, first-class postage prepaid or overnight, upon: (i) the Notice Parties (as defined in the *Motion Pursuant to Fed. R. Bankr. P. 2002 and 9007 Requesting Entry of Order Scheduling Recognition Hearing and Specifying Form and Manner of Service of Notice* [ECF No. 6] (the "**Scheduling Motion**") and (ii) those parties requesting notice pursuant to Bankruptcy Rule 2002. The Information Agent shall make this Order available on the Scheme Website (as defined in the Scheduling Motion), which may be accessed by the Scheme Creditors and other parties in interest. Such service and notice is good and sufficient service and adequate notice for all purposes.

12. The Foreign Representative is authorized to take all actions necessary to carry out this Order.

13. The Trustee and DTC are hereby authorized and directed to take any lawful actions or execute any documents that may be necessary to consummate the transactions contemplated by the Irish Orders, the Scheme, and the Restructuring Agreement, including, among other things, the (a) novation of Ballantyne's reinsurance and indemnity obligations, (b) distribution of amounts from the Reinsurance Trust Account or the Surplus account, and (c) cancellation and discharge of the Notes; and Ballantyne is authorized to reimburse the Trustee and DTC for all reasonable fees, costs and expenses, including reasonable fees and expenses of their respective counsel, incurred in taking such actions in accordance with the terms set forth in the Scheme and the Restructuring Agreement.

14. Nothing in this Order shall affect the rights of the Trustee to collect its fees and expenses, including those relating to the Trustee's retained professionals, from Ballantyne; it

being acknowledged that the Trustee intends to exercise its rights under the Indenture to apply payments received in accordance with the Restructuring Agreement.

15. The Trustee and DTC shall be exculpated and released from any liability for any action or inaction taken in furtherance of this Order, except for any liability arising from any action or inaction constituting actual fraud, willful misconduct, or gross negligence, in each case as finally determined by this Court.

16. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry and shall constitute a final order within the meaning of 28 U.S.C. § 158(a).

17. This Court shall retain jurisdiction to hear and determine all matters arising from or related to interpretation or implementation of this Order.

Dated: June 12, 2019
      New York, New York

/s/ *James L. Garrity, Jr.*
THE HONORABLE JAMES L. GARRITY JR.
UNITED STATES BANKRUPTCY JUDGE